

885

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-6800
Re: Does a district court
have authority, in ren-
dering a judgment for
delinquent taxes, to re-
move the penalty and in-
terest due?

We have your letter of September 6, 1945, in which you enclosed a letter addressed to you from Mr. F.R. Springer, tax assessor-collector of Hall County, Texas, reading as follows:

"I submit herewith copy of judgment issued out of The District Court, of Hall County, which amount of said judgment represents taxes due on certain lands in the principal amount less any penalty and interest due.

"Please advise if this court has jurisdiction to remove penalty and interest and if I will be re- lieved of responsibility for said penalty and in- terest if I issue receipts as set forth in said Judgment."

You also enclosed in your letter a copy of the judg- ment in question. The portions thereof material to this in- quiry are as follows:

"On this the 3rd day of September, A.D. 1945, there came on to be heard the above styled and numbered cause and whereupon came the plaintiff, the State of Texas, acting in behalf of itself and for Hall County, and for the use and benefit of all political subdivisions of said County whose taxes are collected by the Assessors or Collectors

Honorable George H. Sheppard, page 2

for taxes for said County, and the defendant, S.B. Crain, and all parties announced ready for trial, the plaintiff appearing by its County Attorney of Hall County, Texas, and the defendant appearing in person and by his attorney; a jury being expressly waived, all matters of fact as well as of law, were submitted to the Court.

"The Court having heard the pleadings, evidence submitted thereunder and argument of counsel, and in connection therewith, having been advised by the plaintiff and defendant, that it is agreeable to all parties for this Court to enter judgment as herein set forth.

"It appearing to the Court that some controversy has arisen as to the values of the property hereinafter mentioned as assessed for taxes, and that it has been agreed by all parties hereto, that this Court enter judgment hereinafter provided for the sum hereinafter set forth, which is fair and equitable as to all parties.

"It is therefore, ordered, adjudged and decreed by the Court, that there is due, owing and unpaid, to plaintiff in the capacity in which it sues, the following amounts of taxes and costs for the following years upon the following described property as set out in the Schedule immediately following, towit:

(Here follows a description of the various pieces of property and a statement of the amounts of taxes due on each piece of property for each of the years in question.)

". . . .

"It is further ordered that in the event the defendant pays the amount of $1889.27 together with the costs of this suit to the proper persons authorized to receive the same, then such officer shall execute and deliver to the defendant, a proper receipt showing the payment of the taxes due as above set forth in this judgment.

Honorable George H. Sheppard, page 3

"No judgment is entered for any further taxes, penalties or interest than as above set forth in the sum of $1889.27, and all other matters raised by the pleadings are hereby adjudicated."

You request our advice as to the proper answer to make to the question submitted in Mr. Springer's letter.

Delinquent ad valorem taxes bear interest at 6% per annum and subject the taxpayer to a penalty up to 8%, Article 7336, Vernon's Annotated Civil Statutes. Said statute further provides that "the assessor and collector of taxes shall calculate and charge all such penalties, interest and costs on all delinquent tax statements or delinquent tax receipts issued by him."

Although we have found no Texas authority directly in point, authorities in other jurisdictions indicate that the propriety of the action of the court in remitting the interest and penalty in this case may be open to serious question. See 61 C.J., 1494, wherein it is said:

"In the absence of statutory authorization, the courts have no power to relieve delinquent taxpayers from penalties incurred by violation of the statutes providing therefor . . . ." (Citing a number of decisions from other states.)

Nevertheless, the court unquestionably had jurisdiction both of the parties and of the subject-matter. Under such circumstances, the judgment, not being void on its face, should be followed in the absence of its being set aside on appeal or in a direct proceeding instituted for the purpose of setting same aside.

In the recent case of Stewart Oil Company v. Lee, 173 S.W. (2d) 791, error refused for want of merit, Judge John Speer held:

"An erroneous judgment entered by a court having jurisdiction is not void. Generally, the only defect that will make a judgment by a court of record void, is a want of jurisdiction. 25 Tex. Jur., 693, Section 254. If the probate court of Clay County had jurisdiction in this guardianship proceeding (and it undoubtedly had) its judgment

may have been voidable for some reason and subject
to a direct attack, but it will not be disregarded
in a collateral proceeding such as this. 25 Tex.
Jur., 699, Section 257. The same text at page
700 says: 'When, according to the established
practice, a court has acquired jurisdiction over
a controversy, it becomes invested with power to
decide every question which arises therein, either
correctly or incorrectly, for jurisdiction in-
cludes the power to decide either way. It follows
that mere error or irregularity will not make a
judgment void, if the court rendering it had jur-
isdiction.'"

For additional cases so holding, see 24 Texas Digest
on "Judgment," Key 470.

If said judgment becomes final through failure of
either party to perfect an appeal within the time allowed by
law (See Rule 359, et seq., Texas Rules of Civil Procedure),
we think said judgment would relieve the assessor-collector
of responsibility for collecting said penalty and interest.
Of course, if said judgment were set aside by a court of com-
petent jurisdiction, either on appeal or on direct attack
upon said judgment, and the obligation to pay interest and
penalty were reinstated, said official would be governed ac-
cordingly, and it would again become his duty to use his best
efforts to collect such unpaid interest and penalty.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By J. Arthur Sandlin
J. Arthur Sandlin
Assistant

JAS:db

APPROVED SEP 25, 1945

FIRST ASSISTANT
ATTORNEY GENERAL

THIS OPINION
CONSIDERED AND
APPROVED IN
LIMITED
CONFERENCE